NORTH CAROLINA　　　　　　　　　　　　　IN THE GENERAL COURT OF JUSTICE
ROBESON COUNTY　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
　　　　　　　　　　　　　　　　　　　　　　　　　　FILE NO. 21CVS03142

FILED
2021 DEC -9 P 1:14
ROBESON CO., C.S.C.
BY_____

CELSA HERNANDEZ-VELASQUEZ )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
ROBESON COUNTY;　　　　　　　　　　　　　　)　　　　COMPLAINT
Johnson Britt, Former D.A. for the 20th Prosecutorial District, in )
his Official and Unofficial Capacity;　　　　　　　　)
Ken Sealey, Former Sheriff of Robeson County, in his Official and )
Unofficial Capacity;　　　　　　　　　　　　　　　)
Burnis Wilkins, Sheriff of Robeson County, in his Official and )
Unofficial Capacity;　　　　　　　　　　　　　　　)
Darryl McPhatter, Former Investigator with the Robeson County )
Sheriff's Office, in his Official and Unofficial Capacity;　)
Anthony Thompson, Major with the Robeson County Sheriff's )
Office, in his Official and Unofficial Capacity;　　　)
Unknown Sheriff's Deputies and other employees of the )
Robeson County Sheriff's Office in their Official and Unofficial )
Capacity;　　　　　　　　　　　　　　　　　　　)
Unknown Employees of Robeson County and the Office of the 20th )
Judicial District, District Attorney's Office in their Official and )
Unofficial Capacities.　　　　　　　　　　　　　　)

　　Now comes Celsa Hernandez - Velasque, Plaintiff to complain of the above captioned Defendants as follows:

1. Plaintiff is an adult resident of Robeson County, North Carolina and is the mother of the late Hania Aguilar, deceased. Hania Aguilar at all relevant times was a resident of Robeson County at the time of her disappearance and later confirmed death, which was confirmed on November 26, 2018.

2. Defendant's were each employed by or within the Judicial District serving the citizens of Robeson County, North Carolina at the time of all relevant events herein described in this Complaint.

3. At the time of Plaintiff's daughter's disappearance, on November 5th, 2018 at 6:54am, an Amber Alert was claimed by unknown officers to have been issued at 8:20am, which was discovered to have been a failed transmission at 9:40am and was then resubmitted at 10:30am, three hours and thirty six minutes after her abduction and three hours and thirty minutes after that abduction had been reported.

4. During the course of the investigation into the disappearance of Plaintiff's daughter, Hania Aguilar, there emerged a suspect by the name of Michael Ray McLellan, a 34 year old resident of Robeson County, who had been incarcerated on numerous occasions and whose D.N.A. had been placed within the National Database in 2007, in connection with a prior offense, committed by him.

5. Prior to the disappearance of Plaintiff's daughter, Mr. McLellan had been incarcerated after his February 2018 conviction of felonious breaking and entering and larceny of a motor vehicle, for which he was sentenced to nine months in custody, although he was released from custody in June 2018.

6. While in custody for his conviction for the Breaking and Entering and Larceny charges, the results of a CODIS, or a Combined DNA Index System test were returned to the Robeson County Sheriff's Office, in connection with an unsolved, first-degree rape in Robeson County, which was a confirmed match of the D.N.A. of the alleged perpetrator of the Hania Aguilar homicide, Michael Ray McLellan. The results were made available to the Robeson County Sheriff's Office in February 2017, connecting him to the unsolved rape, which had occurred on October 20, 2016.

7. Despite the F.B.I. provided and confirmed match, of Michael Ray McLellan to the October 20, 2016 rape, which was alleged to have occurred at knifepoint, the Robeson County Sheriff's Office failed to present nor did the Office of the District Attorney for the 20th Prosecutorial District request the results of that confirmed match throughout its retention by one or both of their offices for the period between September 2017 and December 10, 2018.

8. On December 10, 2018, the elected District Attorney for the 20th Judicial District, Johnson Britt conducted a press conference revealing the presence of the CODIS evidence and further elaborated, when asked by a reporter, if that evidence could have saved Hania Aguilar's life: "Potentially yes, and probably yes. I don't know what happened; if it got lost in the Sheriff's department, if it got buried on someone's desk." Mr. Britt went further in saying," In all likelihood, had this gone forward and we established a case against him at that time, Hania would not have died, and for that, I

can't tell you how much that hurts. How sorry I am." Later published by the *News and Observer*.

9. Two days after his public admission of his negligence and that of the Robeson County Sheriff's Office, he apologized to Plaintiff for his "mistake" and later told the News and Observer that "you hate it, you punch yourself."

10. Subsequent to the revelation of the negligent handling of the CODIS evidence and the tragic consequences arising therefrom, then District Attorney Johnson Britt retired on January 1, 2019. Subsequent to that Major Anthony Thompson retired on January 9, 2019. On January 17, 2019, Investigator Darryl McPhatter was terminated by Sheriff Burnis Wilkins, who was appointed after Sheriff Ken Sealey had retired on November 30, 2018, two days after Hania Aguilar's body had been found. Subsequent to the McPhatter termination, newly appointed Sheriff Burnis Wilkins stated to the local ABC news affiliate about the failure of his office to connect the CODIS match, "It angers me and I've got to deal with it. To know what happened, to know the reports didn't follow the proper channels, that further investigation wasn't done, interviews weren't done properly, I have a major issue with that. In all likelihood, had the 2016 rape investigation gone forward and we established a case against McLellan at that time, Hania would not have died."

## COUNT I - Title 42 U.S.C. § 1983

1. The Negligence of the Defendant has violated the Plaintiff's Constitutional Rights under Title 42 U.S.C. § 1983, by their own admission.
2. Through their repeated failures and omissions to act on the evidence provided to them by the Federal Bureau of Investigation, they have denied Plaintiff's rights under the Constitution of the United States and their negligence ultimately resulted in the death of Plaintiff's daughter, Hania Aguilar.

## COUNT II - Negligent Supervision

1. As a result of the Defendant's failure to supervise those employees under their supervision, Defendant's created a situation where something as important as an unsolved allegation of first degree rape, remained unsolved, despite direct D.N.A.

evidence which would have resulted in further investigation and an admitted likelihood of successful prosecution by the offender.

2. Their failure to supervise those employees with the important task of handling evidence of an important nature, which was material in the alleged first degree rape and murder cases outlined above, resulted in the failure of those employees to perform their duties in a manner that a reasonable person would have employed to carry out their duties and responsibilities.
3. These failures resulted in the negligent mishandling of evidence, which resulted in the Plaintiff's daughters death, because of the inability, despite the continuous retention of that evidence to link the accused Michael Ray McLellan to a forcible, first degree rape charge at the time of his incarceration, leading to his subsequent release.
4. Upon his release, which would not have occurred had the D.N.A. results been presented through the proper channels, Michael Ray McLellan murdered the Plaintiff's daughter.

## Count III - Gross Negligence

1. The failure of the Robeson County Sheriff's Office and the 20th Judicial District District Attorney's Office constitutes gross negligence, in that the failure of those agencies to follow up on their submission of D.N.A., nor present, search for or seek an additional copy of a report which contains dispositive evidence of a first degree rape, demonstrates an inexcusable indifference to human life that rises to the level of gross negligence.

Therefore, the Plaintiff asks this Honorable Court for the following:

1. Monetary damages in an amount sufficient to compensate her for the loss of companionship that Plaintiff would have enjoyed in the absence of Defendant's negligence.
2. Punitive damages to deter future gross negligence on the part of the Defendants
3. Any other relief the Court deems just and proper.

Respectfully Submitted, this the 9th day of December, 2021.

*[signature]*

Celsa Hernandez-Velasque
Pro Se Litigant

_____
_____
_____
_____